**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| CATE JENKINS,<br>　　　　　Appellant, | DOCKET NUMBER<br>DC-0752-11-0348-B-6 |
| 　　　　v. | |
| ENVIRONMENTAL PROTECTION<br>　AGENCY,<br>　　　　　Agency. | DATE: January 5, 2016 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Kathryn Douglass, Esquire, and Paula Dinerstein, Esquire,
　　Washington, D.C., for the appellant.

Mick G. Harrison, Esquire, Bloomington, Indiana, for the appellant.

Joanna M. DeLucia, Esquire, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1　　The agency has filed a petition for review of the initial decision, which dismissed the appeal without prejudice. Generally, we grant petitions such as this

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2      On December 30, 2010, the agency removed the appellant from the GS-13 position of Environmental Scientist.  *See Jenkins v. Environmental Protection Agency*, 118 M.S.P.R. 161, ¶ 2 (2012).  The appellant appealed the agency's action, and the administrative judge affirmed.  *Id*., ¶ 3.  The appellant filed a petition for review of the initial decision, and the Board reversed the agency's action, finding that the agency denied the appellant her constitutional right to due process.  *Id*.  The Board remanded the appeal to allow the appellant to develop the record, including engaging in further discovery, on her affirmative defense alleging that the agency's action constituted retaliation for whistleblowing.  *Id*.

¶3      On remand, the administrative judge granted the parties' motions to dismiss the appeal without prejudice to its subsequent refiling a number of times.  *See* Refiled Appeal File (RAF), Tab 6, Initial Decision (ID).  On May 21, 2015, the administrative judge dismissed the appeal without prejudice for the sixth time because of the ongoing litigation before the Department of Labor (DOL).  ID at 3. He also determined that the Washington Regional Office would refile the appeal on the appellant's behalf on December 16, 2015.  *Id*.

¶4    Dismissal without prejudice is a procedural option that is left to the sound discretion of the administrative judge. *Milner v. Department of Justice*, 87 M.S.P.R. 660, ¶ 13 (2001). Here, the administrative judge dismissed the appellant's appeal because of ongoing litigation before DOL regarding similar environmental whistleblowing issues involved in the remand appeal.[2] The administrative judge correctly acknowledged that the two appeals shared a common issue, whether the appellant's removal constituted retaliation for whistleblowing, which is an appropriate basis to grant dismissal without prejudice. *See Wheeler v. Department of Defense*, 113 M.S.P.R. 519, ¶ 7 (2010). The Board had held that, in light of overlapping issues in ongoing litigation by the appellant in another forum, a decision in the other forum might properly be given collateral estoppel effect. *See Wilson v. Department of Veterans Affairs*, 102 M.S.P.R. 70, ¶ 10 (2006). Similarly, here, because of overlapping issues, findings in the appellant's complaint pending before DOL properly might be given collateral estoppel effect in this appeal.

¶5    The agency argues that dismissal without prejudice is inappropriate under *Wilson*, 102 M.S.P.R. 70. Petition for Review (PFR) File, Tab 1. The agency asserts that *Wilson* and this case are similar because DOL has not issued a decision and the record does not indicate an approximate date on which a decision is expected. It also asserts that until DOL issues its decision, there could be no assurance that DOL would make any findings that could be given collateral estoppel effect. The agency's assertions are unavailing. On April 15, 2015, shortly before the Board's administrative judge dismissed this appeal without prejudice, the DOL administrative law judge adjudicating the appellant's complaint issued a recommended decision in the appellant's favor. PFR File,

---

[2] The appellant brought actions before DOL under various environmental whistleblower statutes, including the Clean Air Act, the Solid Waste Disposal Act, the Comprehensive Environmental Response, Compensation and Liability Act, the Toxic Substances Control Act, and the Federal Water Pollution Control Act. *See* Petition for Review File, Tab 7 at 51.

Tab 8 at 10. An appeal of that decision currently is pending before DOL's Appeal Review Board (ARB). If the recommended decision is upheld, then there is the possibility that at least portions of that decision could be given collateral estoppel effect. Further, even though there is not an approximate date on which a decision is expected from DOL's ARB, the Board's administrative judge did not dismiss without prejudice pending the issuance of that decision. Rather, as noted, he set a date certain for refiling the appeal. ID at 3. *Cf. Argabright v. Department of Defense*, 113 M.S.P.R. 152, ¶ 6 (2010) (finding that the Board disfavors dismissals without prejudice that do not contain a specific refiling date, especially where it is unclear when the matter underlying the dismissal will be resolved).

¶6    Accordingly, we find that the administrative judge did not abuse his discretion in dismissing this appeal without prejudice. We forward this matter to the region for docketing as a refiled appeal.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                _____
                                                William D. Spencer
                                              Clerk of the Board

Washington, D.C.